UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL GREGORY, individually and on behalf of
all other similarly situated.

                Plaintiff,

    -against-

ACADEMY COLLECTION SERVICE, INC.,
and DOES 1 through 20, inclusive

                Defendant.

-----------------------------------------------------------X

CLASS ACTION COMPLAINT

GLASSER, J.
J. ORENSTEIN, M.J.

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, Academy Collection Service Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Allen, Texas

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Philadelphia, Pennsylvania.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff to Citibank

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and or assigned to the Defendant for collection.

8. On the 14th of March 2009 Plaintiff received a call from Academy stating that they owed Citibank $37,317.84 which needed to be paid in full.

9. That Plaintiff advised that he did not have sufficient knowledge of the debt, was in debt counseling and disputed the debt.

10. That Defendant's agent repeatedly insisted that Plaintiff owes money and to send $3,700.00 and they would work out a settlement with Citibank.

11. On the 18th of March 2009 Plaintiff received a letter from Defendant falsely stating that Plaintiff had agreed to make payments on the debt.

12. On the 23rd of March 2009 Plaintiff received another letter from Defendant falsely confirming his agreement to pay off balance by March 26, 2009.

13. Plaintiff did not agree to the purposed settlement terms of the Defendant and Plaintiff requested that Defendant cease from further contact.

14. That despite Plaintiff's requests, the Defendant continued to harass the Plaintiff by continuously calling without ever providing a validation of the debt.

15. On the 6th of April 2009 Plaintiff spoke to Mindy Kirk regarding two settlement options. A one-time reduced settlement or 10% of the total amount and pay the remainder of settlement over a period of a specified time. Plaintiff again asked Defendant for documentation and received nothing.

16. On the 7th of April 2009 Plaintiff asked Defendant's agent Mindy Kirk to stop calling during work hours at his place of employment.

17. On the 9th of April 2009 Plaintiff continued to receive calls from Defendant's agent stating that Defendant "knows where he works" and then placed blame on Plaintiff for "Country's economic downfall."

18. During the time Plaintiff was communicating with Defendant, Defendant further represented that Citibank was charging Plaintiff insurance premiums of the credit card for the past 5 years.

19. That, despite Plaintiff's dispute, Defendant persisted with abusive collection practices, failing to provide any verification of the debt, forward the debt to an appropriate legal body or take any other appropriate action as per the FDCPA.

20. That several calls were made by the Defendant to the Plaintiff and that the communication failed to advise the consumer that the communication was from the debt collector in further violation of the FDCPA.

21. That, despite several efforts to dispute the debt, the Defendant persisted with collection efforts, refused to validate or verify the debt and falsely confirmed unilateral settlement terms.

22. That said letters alone and/or together with subsequent activity contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

23. That the defendant intentionally and knowingly caused these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts.

24. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in that the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

25. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for statutory damages in an

amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

26. The first cause of action is brought on behalf of Plaintiff and the members of a class.

27. The Class consists of consumers who received the same form letter as did the Plaintiff.

28. The Class consists of all persons whom Defendant's records reflect resided in the United States and who received messages from the Defendant that failed to advise the consumer that the call was from a debt collector in violation of e(10) and e(11) and consumers who were sent a collection letter or received a telephone call (a) bearing the Defendant's letterhead in substantially the same form as the manner communicated to the Plaintiff on or about March 18, 2009 (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats deceptive practices, §1692g for contradicting and confusing the consumer as to his/her rights and §1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion subsequent to a valid dispute.

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

 (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

 (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

    (a) Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

    (b) Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

    (c) Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

    (d) Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

    (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

    (b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

Dated: New York, New York
May 13, 2009

_____
Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax


Plaintiff requests trial by jury on all issues so triable.

_____
Amir J. Goldstein (AG-2888)